## COMMONWEALTH *vs.* JAMES H. RILEY.

Middlesex.   May 24, 1892. — June 25, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Intoxicating Liquors — Question for the Jury.*

On a complaint for unlawfully exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same on the Lord's day, there was evidence tending to show that two policemen entered the premises on Sunday and found the defendant's servants and others not in the employ of the defendant, one of whom was drinking ale, and that the defendant was at his home, over a mile away.   The servants testified that they were cleaning up the shop; that some of those present were employed to assist them; that no sales were made, and that they had been frequently instructed by the defendant not to sell on the Lord's day.   *Held*, that it was a question for the jury whether the defendant's conduct in giving the instructions not to sell on the Lord's day was suspicious or not.

COMPLAINT, alleging that the defendant on August 16, 1891, " unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth."

At the trial in the Superior Court, before *Hopkins*, J., there was evidence tending to show that the defendant at the time complained of was the holder of a first and a fourth class license in Lowell; that he had in his employ at that time two bar tenders named Sullivan and Horan; that the defendant had a great many times given instructions to his servants not to sell liquor on the Lord's day; that on August 16, 1891, the same being Sunday, two police officers of the city of Lowell entered the premises and found the defendant's servants and

other persons not in the employ of the defendant, one of whom was drinking ale at the time; and that the defendant was not present at the time, but was at home, more than a mile away.

The servants of the defendant testified that they were at the shop for the purpose of cleaning up the same, and that some of the parties present were employed to assist them; that no sales were made, and that they had been frequently instructed by the defendant not to sell any liquor on the Lord's day.

The attorney for the Commonwealth argued that, if the defendant often instructed his servants not to sell liquors on the Lord's day, the fact that he did so was suspicious.

The judge instructed the jury that it was a question for them whether or not it was suspicious that the defendant often instructed his servants not to sell on the Lord's day.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. F. Courtney*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. It was a question for the jury whether the defendant's conduct in instructing his servants not to sell intoxicating liquors on the Lord's day, as it appeared from the testimony, was suspicious or not.     *Exceptions overruled.*